## Huey v. Board of Drainage Commissioners of McCracken County.

(Decided March 22, 1929.)

BEN S. ADAMS for appellant.

A. E. BOYD for appellee.

Opinion of the Court by Chief Justice McCandless—Reversing.

Plaintiff B. T. Huey, sought an injunction against the McCracken county board of drainage commissioners and the sheriff of Carlisle county restraining the latter official from levying an assessment warrant upon his lands in Carlisle county. The warrant having been issued by virtue of a judgment establishing the Mayfield drainage district. The circuit court refused the injunction and sustained a demurrer to the petition, and, upon plaintiff declining to plead further, dismissed the petition. Plaintiff appeals.

It is substantially alleged in the petition that the Mayfield drainage district in the counties of McCracken, Graves, and Carlisle was established by orders of the McCracken county and circuit courts; that the proceedings were begun in 1924 under the provisions of the acts of 1912 (Acts 1912, c. 132) and later continued under the act of 1918 (Acts 1918, c. 114). As established, the district include the Hurricane creek watershed in Carlisle county as a lateral. It was provided that the waters of that portion of the Hurricane creek section of the district should be drained, connecting with the main drainage ditch by dredging that creek or by cutting a ditch for that purpose. Plaintiff's property as described consists of 50 acres of the value of $1,500, and is drained by Hurricane creek. An assessment of $50 per year for a period of 25 years was levied upon this property upon the assumption that Hurricane creek would be improved as above indicated, and that the Hurricane creek section would be thus drained into the Mayfield drainage ditch, and this was the sole ground of benefit to that property, and the basis of the assessment against it. The drainage commission has completed its contracts. In so doing, it has failed to open or drain Hurricane creek or to cut any ditch through or from that section into the Mayfield drainage ditch, and has done nothing for its drainage, and has finally abandoned that part of the drainage project. It being further pleaded that the orders of assessment upon the property named was void and of no effect. The circuit court seems to have construed the petition as a collateral attack upon the judgment establishing the drainage district, and, as the facts pleaded did not show such judgment to be void, it sustained the demurrer. We do not think this the basis of the petition. That pleading seems to concede the validity of the judgment establishing the district, but seeks relief upon the ground that the judgment has been violated, and that plaintiff's property is about to be sequestered for the benefit of the outlying district, without securing to it any of the benefits contemplated and granted by the judgment establishing the district and approving the property assessments. Assuming the averments of the petition to be true, the proceedings attacked are closely akin to confiscation. If the board of commissioners found the Hurricane creek part of the project impracticable it should have filed some supplementary proceedings in the action. Under such circumstances, perhaps the cost of improve-

ment of the main ditch might have been borne by the persons benefited thereby and the Hurricane creek people relieved. If practical and it lacked funds to complete this part of the project, perhaps it could have made an additional levy on the entire district for that purpose. But whether it could have so done or not (matters not now decided), it should not abandon this part of the project in derogation of the rights of owners of lands adjudged to be benefited by such construction, and still force them to pay assessments on the main project. We do not determine what it could have done in the premises or whether plaintiff could have had a mandamus to compel it to complete the work, but we do not think he should be compelled to pay this assessment, if and so long as the conditions pleaded exist. In this view of the case the petition states a cause of action. Not knowing what defense the board may have, we express no further opinion.

Wherefore the judgment is reversed, with directions to the court to overrule the demurrer to the petition and for proceedings consistent with this opinion.